954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gloria DIXIT, Plaintiff-Appellant,
v.
KETTERING MEDICAL CENTER; Sycamore Hospital, Defendants-Appellees.
 No. 91-3494.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Gloria Dixit, appeals the summary judgment in favor of the defendants in this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The defendants in this case are Kettering Medical Center (KMC) and Sycamore Hospital (Sycamore). The undisputed facts as found by the district court are as follows: Plaintiff, a native of India, began employment at KMC as a float nurse in 1982. In 1983, she became a nurse in the surgical intensive care unit at KMC. In 1984, she transferred to the surgical intensive care unit at Sycamore, where she remained until April, 1986, when she requested and received a leave of absence for self-described physical difficulties. Because the original leave requested was for only four weeks, plaintiff's job was staffed by temporary personnel and the position was retained for plaintiff in anticipation of her return. Plaintiff's leave of absence was extended, at her request, three times, until November 10, 1986. When the second extension was granted, plaintiff was informed that her former position would be permanently filled. After the third extension of plaintiff's leave of absence expired, plaintiff became eligible under KMC's policies for recall rights for a period of 45 days. During that period, plaintiff was considered for nursing positions but was rejected because all of the positions plaintiff sought were weekend positions which are absence-sensitive. When plaintiff was not reinstated in this period, she was terminated.
 
 
 3
 Following termination, plaintiff availed herself of KMC's internal appeals process and, on March 27, 1987, received a 30 day extension of her recall rights. She was once again not recalled. Thereafter, on July 15, 1987, plaintiff filed discrimination charges with the Equal Employment Opportunity Commission (EEOC). The EEOC subsequently issued plaintiff a right to sue letter.
 
 
 4
 Plaintiff then filed the instant lawsuit against the defendants under Title VII and ADEA alleging seven claims for relief. Three of the claims raised questions of federal law. In those claims, plaintiff alleged: 1) the defendants discriminated against her on the basis of religion, national origin and race; 2) the defendants discriminated against her on the basis of her age; and 3) the defendants discharged her in retaliation for her filing charges of discrimination with the EEOC. Plaintiff also asserted four pendent state claims. Plaintiff sought reinstatement, back pay, lost benefits, attorney's fees and punitive damages.
 
 
 5
 After reviewing the defendants' motion for summary judgment and plaintiff's response, the district court granted the motion. Plaintiff disagrees with the district court's decision and brings this timely appeal.
 
 
 6
 Upon review, we conclude that summary judgment on plaintiff's claims was proper, as plaintiff did not establish the existence of any genuine issue of material fact and defendants were entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The record undisputably establishes that defendants decided not to rehire plaintiff because of her poor attendance coupled with her repeated applications for absence-sensitive weekend positions. Plaintiff's race, age, national origin and religious beliefs were not factors. Moreover, the district court did not abuse its discretion in relying on the affidavit of Robert E. Dell. See Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir.1990) (per curiam). Dell was employed by KMC as the Assistant Vice President in charge of personnel, and the district court relied on his affidavit as evidence of KMC's reason for terminating plaintiff and for KMC's subsequent decision not to rehire plaintiff. Dell's personal knowledge and competence to testify are reasonably inferred from his position and the nature of his participation in such matters. Id.
 
 
 7
 Finally, plaintiff does not raise the retaliation claim on appeal. Therefore, it is considered abandoned and will not be reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.